*Thomas B. Smith, et al. v. Credit Acceptance Corporation*, No. 2373, Sept. Term, 2017
Opinion by Shaw Geter, J.

**Civil – Right to Arbitrate – Waiver – Participation in Prior Judicial Proceedings**

Credit Acceptance Corporation's ("Credit Acceptance") participation in a deficiency action brought in district court against appellants for monies owed under an automobile contract did not waive its right to arbitrate appellants' claims brought in circuit court alleging Credit Acceptance violated the Credit Grantor Closed End Credit Provisions ("CLEC"). Appellants' CLEC claims were not "raised and/or decided" in the district court action as required for a waiver of a party's right to arbitrate under *Charles J. Frank, Inc. v. Associated Jewish Charities of Baltimore, Inc.*, 294 Md. 443 (1982). Appellants' CLEC claims were not sufficiently "raised" because, although Appellants arguably referenced these claims as affirmative defenses in its answer to Credit Acceptance's interrogatory in the district court action, answers to interrogatories are not a part of the court record and were not "decided" because Credit Acceptance dismissed the deficiency action before trial.

Moreover, Credit Acceptance did not waive its right to arbitrate Appellants' CLEC claims under the expanded standard set forth in *Cain v. Midland Funding, LLC*, 452 Md. 141 (2017) because the CLEC claims were not "related to" or "dependent on" the district court deficiency action. Appellants' claims that Credit Acceptance violated the CLEC by charging impermissible fees and repossessing the automobile was wholly separate from Credit Acceptance's district court deficiency claim. Appellants' CLEC claims would have existed regardless of whether Appellants breached the contract or Credit Acceptance instituted the deficiency action.

Circuit Court for Baltimore City
Case Nos. 24-C-17-003797

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2373

September Term, 2017

_____

THOMAS B. SMITH, ET AL.

v.

CREDIT ACCEPTANCE CORPORATION

_____

Fader, C.J.,
Wright,
Shaw Geter,

JJ.

_____

Opinion by Shaw Geter, J.

_____

Filed:  May 3, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

This appeal arises from an order issued by the Circuit Court for Baltimore City to compel arbitration in a contract action for the purchase of an automobile. Following Appellee's voluntary dismissal of its action against Appellants in the District Court of Maryland for failure to make required payments under the same contract, Appellants filed a class action complaint in the Circuit Court for Baltimore City. Appellants alleged Appellee charged impermissible "convenience fees" and failed to sufficiently notify Appellants regarding the repossession and sale of the vehicle in contravention of Maryland's Credit Grantor Closed End Credit Provisions. Appellee then petitioned the circuit court to compel arbitration of Appellants' claim. Appellants opposed the motion, arguing Appellee waived its right to arbitration when it previously filed its claim in the District Court. On January 12, 2018, the circuit court granted Appellee's petition. Appellants timely appealed and present the following question for our review:

1. Whether the Maryland Court of Appeals in *Cain v. Midland Funding, LLC*, 452 Md. 141, 156 A.3d 807 (Md. 2017) limited the waiver of the right to arbitrate "related" claims as defined by *Charles J. Frank, Inc. v. Associated Jewish Charities of Baltimore, Inc.*, 294 Md. 443, 450 A.2d 1304 (Md. 1982) to include only those claims that are "dependent" on the claims raised in a prior action?

## BACKGROUND

On November 15, 2013, Appellants, Thomas Smith and Timothy Smith, entered into a Retail Installment Contract (the "Contract") to purchase a 2003 Cadillac Escalade (the "Vehicle") from Anderson Automotive Group, Inc. (the "Dealership"). The Dealership assigned all of its rights, title, and interest, including its security interest, in and

to the Contract and the Vehicle to Appellee, Credit Acceptance Corporation (hereafter, "Credit Acceptance").

Within the Contract was an arbitration clause, which provided:

AGREEMENT TO ARBITRATE

This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated . . .

A "Dispute" is any controversy or claim between [Appellants] and [Credit Acceptance] arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statute, ordinances or regulations or any other legal or equitable theories . . .

\*\*\*

Either [Appellants] or [Credit Acceptance] may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute . . .

If [Appellants] or [Credit Acceptance] elect to arbitrate a Dispute, neither [Appellants] nor [Credit Acceptance] will have the right to pursue that Dispute in court or have a jury resolve that dispute . . .

\*\*\*

It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.

Beginning in 2015, Appellants failed to remit the required monthly installment payments to Credit Acceptance as required. After Credit Acceptance attempted to obtain

2

payment from Appellants unsuccessfully, Credit Acceptance repossessed and sold the Vehicle, which resulted in a deficiency balance of $12,957.30.

On November 30, 2016, Credit Acceptance filed a lawsuit in the District Court of Maryland, seeking to recover the unpaid deficiency balance (the "District Court Action"). Credit Acceptance claimed Appellants were liable for failing to pay amounts owed under the Contract. In response, Appellants filed a Notice of Intention to Defend, which stated, "Plaintiff is not entitled to a judgment in its favor and Defendants deny the allegations of the Complaint and demands [sic] strict proof thereof." Credit Acceptance served limited interrogatories, which Appellants answered. In response to one interrogatory, Appellants stated, "Plaintiff did not provide Defendants with adequate notice related to the repossession (*i.e.* redemption, sale and account). Plaintiff charged Defendants fees to make payments by phone." Prior to receiving the interrogatory answers, Credit Acceptance also filed a notice of intent to rely upon business records. The parties did not engage in additional discovery, file motions, or otherwise take any further action in the District Court Action. On July 11, 2017, just prior to trial, Credit Acceptance voluntarily dismissed the District Court Action.

On July 19, 2017, Appellants filed a Class Action Complaint in the Circuit Court for Baltimore City (the "Circuit Court Action"), which was subsequently amended (the "Amended Complaint"). The Amended Complaint alleged Credit Acceptance violated the Credit Grantor Closed End Credit Provisions, Md. Code Ann., Com. Law §§ 12-1001, *et seq.* ("CLEC") by charging impermissible "convenience fees" when collecting payments from Appellants by telephone or through the internet, and failing to provide adequate notice

3

of the repossession and sale of the Vehicle. Appellants sought statutory damages for the asserted CLEC violations.

Before filing its response to the Amended Complaint, Credit Acceptance invoked the arbitration clause in the Contract and demanded Appellants submit their claims to arbitration. Appellants refused this demand. Credit Acceptance then petitioned the circuit court for an order to arbitrate Appellants' claims. Appellants opposed the petition, arguing that Credit Acceptance had waived its right to arbitrate by filing the District Court Action. On January 12, 2018, the circuit court granted the petition and stated,

> Now, I will find that the claims in the amended complaint are not dependent on the claims in the [District Court Action] and therefore no waiver occurred. Just because Credit Acceptance went ahead with the [District Court Action] does not mean that they waived arbitration in this case . . . The fact that Credit Acceptance could have arbitrated its [District Court Action] but did not would not preclude them from arbitration in this case[.]

Appellants timely appealed the circuit court's ruling to this Court.

## STANDARD OF REVIEW

The parties disagree on the appropriate standard of review. Appellants assert we should review the circuit court's determination without deference. They claim the question of whether Credit Acceptance waived its right to arbitrate by filing the District Court Action is a question of law, which we should review afresh. On the other hand, Credit Acceptance argues that the question of whether it waived its right under the circumstances is a factual inquiry that we should only reverse upon clear error.

In *Cain v. Midland Funding, LLC*, the Court of Appeals was presented with a question of law similar to the one *sub judice*, namely "whether, under *Charles J. Frank,*

4

*Inc. v. Associated Jewish Charities of Baltimore, Inc.*, 294 Md. 443, [] (1982), the 2009 collection action [was] 'related' to [the appellant]'s current claims against [the appellee] and thus constituted a waiver of the right to arbitrate." 452 Md. 141, 151–52 (2017). The Court noted that this was a question of law and "when a trial court order involves an interpretation and application of Maryland . . . case law, our Court must determine whether the lower court's conclusions are legally correct under a *de novo* standard of review." *Id.* at 152 (internal quotations omitted). In this case, the circuit court's decision entailed an interpretation of applicable caselaw. Accordingly, our review of the circuit court's decision is *de novo*.

## DISCUSSION

### I. Whether the circuit court erred in granting Credit Acceptance's petition to compel arbitration.

Appellants contend Credit Acceptance waived its right to arbitrate Appellants' claims filed in the Circuit Court Action because it instituted the District Court Action. Conversely, Credit Acceptance argues it did not waive its right to arbitrate Appellants' claims because the claims are not "related to" nor "dependent on" Credit Acceptance's deficiency claim in the District Court Action.

The arbitration agreement between Appellants and Credit Acceptance states that it "is governed by the FAA," or the Federal Arbitration Act. Section 2 of the Federal Arbitration Act (the "FAA") provides that arbitration clauses "shall be valid, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). "The United States Supreme Court has described § 2 as

5

the representation of 'a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.'" *Cain*, 452 Md. at 153 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). However, state courts are directed "to apply state contract law to arbitration clauses when enforceability is at issue." *Id.* (citing *Perry v. Thomas*, 482 U.S. 483, 492–93 (1987)). "[U]nder the FAA, state law, whether of legislative or judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Id.* at 153–54 (citing *Perry*, 482 U.S. at 493 n. 9) (emphasis in original). This body of law includes "generally applicable contract defenses," including waiver. *Id.* at 154. "[W]e analyze whether the arbitration clause was waived, and is therefore unenforceable, under state—not federal—law." *Id.*

A party's participation in a judicial proceeding can constitute a waiver of its right "to arbitrate issues raised and/or decided in the proceeding." *Charles J. Frank, Inc. v. Associated Jewish Charities of Baltimore, Inc.*, 294 Md. 443, 454 (1982). In *Frank*, a subcontractor sued the contractor for additional compensation for the removal of rock from a construction site. *Id.* at 445. The contractor answered and impleaded the owner. *Id.* Although the claim against the contractor was arbitrable, the owner did not pursue arbitration and the parties eventually settled. *Id.* at 445–46. Months later, the contractor, in accordance with the construction contract, filed a demand for arbitration against the owner for the outstanding balance of the contract. *Id.* at 446. The owner argued the contractor waived its right to arbitration by litigating the first lawsuit, and attempted to force the contractor to litigate its claim against the owner. *Id.* The Court of Appeals held

the contractor had not waived its right to arbitrate the claim because the issue was "unrelated" to the rock removal at issue in the first action. *Id*. at 454–55. The Court explained that "waiver is limited to issues raised and/or decided in the judicial proceedings and, absent additional evidence of intent, the waiver does not extend to any unrelated issues arising under the contract." *Id*. at 454.

The Court again addressed the issue in *Cain v. Midland Funding, LLC*, further expounding on when a party waives its right to arbitrate when participating in a judicial proceeding. 452 Md. 141 (2017). There, Midland filed a small claims action against Cain in district court for an outstanding balance on Cain's credit account, and obtained a default judgment against him. *Id*. at 147. Under Maryland law, Midland was required to have been licensed by the State when it sued Cain, but it did not become licensed until almost a year later. *Id*. Cain filed a class action complaint against Midland in circuit court to collaterally attack the judgment, alleging the default judgment against him was void, unjust enrichment, and violations of the Maryland Consumer Debt Collection Act and Maryland Consumer Protect Act. *Id*. at 148. The Court held that Midland had indeed waived its right to arbitrate Cain's claims because his claims were "dependent" on Midland's judgment obtained in district court. *Id*. at 158. The Court explained, "if [Midland] had not pursued its 2009 collection action, [Cain]'s current claims would not exist." *Id*. at 158–59. The Court distinguished *Frank*, explaining that that case "involved two completely separate issues—a contractor's failure to pay a subcontractor for rock removal and an owner's failure to pay the contractor the balance due on the construction project. Neither was dependent on the other." *Id*. at 158.

7

Appellants argue here that the standard set forth in *Frank*—that a party waives its rights to arbitrate any claim "related to an issue raised and/or decided in a judicial proceeding"—determines whether Credit Acceptance waived its right to arbitrate claims in the Circuit Court Action. They contend the alternative standard set out in *Cain*—that a party waives its right to arbitrate any claim that is "related to" or "dependent on" the claim raised in the previous litigation—should not apply. As we see it, by either standard, Credit Acceptance did not waive its right to arbitrate the claims in the Circuit Court Action.

None of Appellants' claims filed in the Circuit Court Action were "raised and/or decided" in the District Court Action. The sole issue before the District Court was a breach of contract action alleging Appellants were responsible for a contractual deficiency. In the Circuit Court Action, Appellants allege Credit Acceptance violated the CLEC by charging impermissible "convenience fees" when collecting their payments via telephone and internet and its failure to provide adequate notices for the repossession and sale of the Vehicle. These claims were not raised or decided in the District Court Action.

Appellants argue their answer to an interrogatory in the District Court Action sufficiently "raised" the issues alleged in the Circuit Court Action as required by *Frank*. We disagree. The answer to interrogatory stated, "Plaintiff did not provide Defendants with adequate notice related to the repossession (*i.e.* redemption, sale and account). Plaintiff charged Defendants fees to make payments by phone." However, answers to interrogatories are not a part of the court record. Also, the notice of intention to defend, filed by Appellants, was general and did not specify any issues. Further, Credit Acceptance dismissed the lawsuit prior to trial. Appellants also concede the issues alleged in the Circuit

8

Court Action were not "decided" in the District Court Action. Thus, under *Frank*, Credit Acceptance did not waive its right to arbitrate the claims in the Circuit Court Action as the issues were neither "raised and/or decided in a judicial proceeding."

Appellants' claims in the Circuit Court Action are also not "related to" nor "dependent" on Credit Acceptance's claim in the District Court Action under *Cain*. Here, unlike in *Cain*, where Cain's claims would not have existed but for Midland's district court action against him, Appellants' claims that Credit Acceptance violated the CLEC is wholly independent of Credit Acceptance's claim in the District Court. Appellants' claims arise from Credit Acceptance's actions in collecting payment under the Contract, while Credit Acceptance's claim in the District Court Action was for a contractual deficiency. Appellants' claims would exist regardless of whether they breached the Contract or whether Credit Acceptance instituted the District Court Action. Accordingly, we hold the circuit court did not err in granting Credit Acceptance's petition to compel arbitration.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

9